ROBERTSON, Presiding Judge.
On January 7, 1937, Charles Henderson, a former Governor of the State of Alabama, died testate. Henderson v. Troy Bank & Trust Co., 250 Ala. 456, 34 So.2d 835 (1948); Tumlin v. Troy Bank & Trust Co., 258 Ala. 238, 61 So.2d 817 (1950). In his will, Henderson made specific provisions for his wife, his sister, and certain other beneficiaries. Id. He also provided for the creation of a charitable Trust; appointed the Troy Bank and Trust Company (Trustee) as trustee; bequeathed all of his property, stocks, bonds, and securities, except those specifically granted to his wife, to the Trustee; and directed the use of the net income of the Trust for the building and equipping of public schools in Pike County, Alabama, for a period of 20 years from the date of his death. Henderson bequeathed to the Trust, among other things, stock in the Troy Bank and Trust Company (Bank), giving the Trust a 51.12% ownership interest in the Bank.
Henderson further provided for the formation of the Charles Henderson Educational Association.[1] The Educational Association’s purpose was to erect school buildings; the Educational Association was to “cease to exist” 20 years after its formation. Henderson also provided for the formation of the Charles Henderson Memorial Association (Memorial Association), after the Educational Association’s cessation. Henderson, supra; Tumlin, supra. The Memorial Association was to be self-perpetuating and its purpose was to maintain a hospital for the treatment of crippled children.
The record indicates that an action concerning the Trust was filed in 1981; that another action was filed in 1982; and that the Trustee, the Memorial Association, and the attorney general of the State of Alabama were parties to both actions. On January 31, 1983, the trial court entered a consent order, providing that, without the prior approval of the trial court, the Trustee could not engage *558 in any self-dealing, i.e., sell or lease any Trust asset to the Bank or to any of the Bank’s “officers, directors, employees or members of their families.”
On March 30, 1995, the Trustee filed a petition for instructions, requesting an instruction regarding its authority to vote for a proposed exchange of stock in the Bank for an equal amount of stock in a “bank holding company.” The Trustee alleged that the provisions of Henderson’s mil, regarding the exchange of stock and the Trustee’s authority to become a party to a plan for reorganization of any corporation in which it held securities, were conflicting or ambiguous. The Trustee told the trial court that the formation of a “bank holding company” was in the best interest of the Bank, its shareholders, and the Trust, but that the Trustee could not clearly determine if it was authorized to vote in favor of the proposed exchange of Bank stock for stock in the “bank holding company.”
The attorney general, on behalf of the public beneficiaries, was served with notice of the petition, and on April 19, 1995, filed an acknowledgment of service. On May 11, 1995, the Memorial Association filed, pursuant to Rule 24, Ala.R.Civ.P., a motion to intervene. The Memorial Association alleged that it was the sole remaining beneficiary of the Trust and that, therefore, it had an interest in the property and the transactions that were the subject of the Trustee’s petition. The Memorial Association also filed a response to the Trustee’s petition and moved for the appointment of an independent trustee.
On May 12, 1995, the attorney general served his response to the Trustee’s petition on the Trustee and the Memorial Association. On May 15, 1995, the Trustee filed an objection to, and a motion to strike, the Memorial Association’s motion to intervene and its response to the Trustee’s petition. After hearing arguments from counsel and reviewing the filings, and following an ore tenus proceeding on the Trustee’s petition, the trial court entered an order on May 26, 1995, denying the Memorial Association’s motion to intervene and granting the Trustee’s motion to strike. In denying the Memorial Association’s motion, the trial court stated, in pertinent part:
“1. The beneficiary of the [Trust] is the public. The [Memorial Association] is not the beneficiary of said [Trust]....
“2. The Trustee, [the Memorial] Association, and [the] attorney general, in connection with prior litigation before this court, entered into a settlement agreement and a Final Order was rendered by this Court ... It is clearly stated in the Final Order that the duties and responsibilities of the Trustee and [the Memorial] Association are to be separated. Items II and III of the Final Order state that the [Trust] is to be managed by the Trustee without interference by the [Memorial] Association. The Final Order further provides that the [Memorial] Association has no authority or right to interfere with or be involved in, directly or indirectly, the management and control of the Trustee and the [Trust]. The common stock in [the Bank] owned by the [Trust] is one of many assets managed by the Trustee. The Trustee has full and exclusive power of management and control over all of the assets in the [Trust], including the Bank common stock. Therefore, this Court finds and holds that the [Memorial] Association has no interest in the control, investment, management, and disposition of the Bank common stock owned by the [Trust], in accordance with this Order and the Final Order....
“3. The [Memorial] Association seeks to intervene under Rule 24(a), ARCP. The Court finds and holds that the [Memorial] Association does not have an interest relating to the property or transaction which is the subject of the Trustee’s Petition For Instructions. Accordingly, the [Memorial] Association’s [Motion to Intervene] is hereby denied. The Court further finds that Rule 24(b), ARCP, has no application in this action and the [Memorial] Association makes no claim that it should be permitted to intervene thereunder. The Court further grants the Trustee’s Motion to Strike the [Memorial] Association’s Response to the Petition For Instructions.”
*559 The trial court also held that the provisions of Henderson’s mil regarding the exchange of stock and the Trustee’s authority to become a party to a plan for reorganization of any corporation in which the Trustee holds securities were ambiguous. The trial court found that the proposed exchange of stock was “self-dealing,” within the meaning of the January 31,1983, order, and that the filing of the Trustee’s petition was proper and was required by the January 31, 1983, order. The trial court further found that the provisions of Henderson’s will did not prohibit or restrict the formation of a bank holding company by the Bank; that the Trustee was authorized to vote the Trust’s common stock in favor of forming a bank holding company; and that the Trustee was authorized to transfer, convey, or exchange the Trust’s shares of Bank stock for bank holding company stock representing a 51.12% interest in the bank holding company.
The Memorial Association appealed to the Alabama Supreme Court, raising one issue: whether the trial court erred in denying its motion to intervene and in striking its response to the Trustee’s petition. Our supreme court transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975.
The Memorial Association argues that, pursuant to Rule 24(a)(2), Ala.R.Civ.P., it had a right to intervene in the Trustee’s action, because, the Memorial Association says, it is a fiduciary for the beneficiary of the Trust, the public. The Memorial Association also argues that it had a right to intervene, because, the Memorial Association says, although the public’s interest was represented by the attorney general, the Memorial Association had a duty to ensure that the Trustee was complying with the terms of Henderson’s will and that the funds of the Charles Henderson Child Health Center were not interrupted by the Trustee’s corporate activity.
“[A] ruling on a motion to intervene is within the sound discretion of the trial court and will not be disturbed on appeal unless there is an abuse of discretion.” Root v. City of Mobile, 592 So.2d 1051, 1052 (Ala.1992). Our supreme court has held that “[i]n order to intervene under Rule 24(a)(2), ‘the interve-nor must have an interest in the subject matter of the litigation of such a nature that he will gain or lose by the direct legal operation of the judgment.’” Valley Forge Ins. Co. v. Alexander, 640 So.2d 925, 931 (Ala.1994) (quoting Waters v. Jolly, 582 So.2d 1048,1057 (Ala.1991)).
The Trustee’s petition for instructions involved an interpretation of the provisions of Henderson’s will and, pursuant to the trial court’s January 31, 1983, order, sought the trial court’s approval of the Trustee’s proposed exchange of stock in the Bank for stock in the bank holding company. Accordingly, the subject matter of the Trustee’s litigation was a question of law involving the Trustee’s management of the Trust. Pursuant to the trial court’s January 31, 1983, order, the Memorial Association has no “authority to direct the manner in which the Trustee carries out its functions; it has no authority to exercise business to direct the affairs of the Trustee; and it has no authority to direct the manner in which the Trust Estate is managed, invested, or utilized.” Consequently, the Memorial Association does not have “an interest in the subject matter of the litigation of such a nature that [the Memorial Association] will gain or lose by the direct legal operation of the judgment.” Valley Forge Ins. Co., 640 So.2d at 931. Accordingly, the trial court did not abuse its discretion by denying the Memorial Association’s motion to intervene and by striking the Memorial Association’s response to the Trustee’s petition. The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., recuses.

. The Educational Association was to be formed 20 years after Henderson's death. Henderson, supra.