CRAWLEY, Judge.
Bayside Hotel Investors, Ltd., a partnership, filed a bankruptcy petition in 1990. In 1995, the bankruptcy court converted the proceeding to a Chapter 7 liquidation. The bankruptcy court appointed Tazewell T. Shepherd as the trustee for Bayside. Shepherd, with permission from the bankruptcy court, paid the remaining estate assets into the trial court and filed a complaint interpleading the partners and requesting that the trial court apportion the assets among them. Shepherd named certain partners and listed fictitious defendants so that he could later substitute other partners. No other partners were substituted.
One of the partners, Donald A.B. Mills, moved for a summary judgment, requesting that the trial court divide the assets pursuant to his calculations. Several other partners agreed with his calculations and joined his motion. Thomas S. Ford, another partner, disagreed with Mills’s calculations, and filed an opposition to the motion. The trial court granted Mills’s motion. After the trial court granted the motion, John W. Davis and James W. Landers moved to intervene pursuant to Rule 24(a)(2), Ala. R. Civ. P. Davis and Landers alleged that they were partners and that they had not been notified of Shepherd’s action and had never been served. The trial court denied their motion to intervene. Ford appealed to the supreme court, and Davis and Landers also appealed to the supreme court. The supreme court, pursuant to Ala. Code 1975, § 12-2-7(6), transferred both appeals to this court.
We first consider Davis and Landers’s appeal. Davis and Landers argue that the trial court erred by not allowing them to intervene in the action. Rule 24(a)(2) states:
“Upon timely application, anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant’s ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.”
*317 “The purpose of Rule 24 is to anticipate future litigation, to discourage a multiplicity of lawsuits, and to relieve the intervenor from the possible prejudice of stare decisis in subsequent litigation involving the same questions of law and fact.” Root v. City of Mobile, 592 So.2d 1051, 1053 (Ala.1992). “Timeliness is the first condition that must be met in order to intervene. NAACP v. New York, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973).” Valley Forge Ins. Co. v. Alexander, 640 So.2d 925, 927 (Ala.1994). “For purposes of Rule 24, timeliness is assessed with regard to the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case. Campbell v. Hall-Mark Electronics Corp., 808 F.2d 775 (11th Cir. 1987).” Putman Constr. & Realty Co. v. Byrd, 632 So.2d 961, 968 (Ala.1992).
Shepherd filed his interpleader action in August 1998. The trial court entered the summary judgment in February 2000. Landers and Davis moved to intervene in March 2000. The record indicates that although Shepherd named fictitious parties with the intention of adding other limited partners to the action, he never did so, even though Landers and Davis were listed as limited partners in the partnership documents.
It is undisputed that Landers and Davis have a right to intervene because they are entitled to some share of the bankruptcy estate. See Rule 24(a)(2). The only dispute is whether they timely filed their motion to intervene. When in-tervenors have a right to intervene pursuant to Rule 24(a) the analysis of whether they timely filed their motion to intervene is less rigid than if they have a possible interest that would allow permissive intervention pursuant to Rule 24(b). Valley Forge, 640 So.2d at 927.
We conclude that Landers and Davis’s motion to intervene, filed one month after the trial court had entered the summary judgment for Mills, was timely. Landers and Davis were never served in Shepherd’s action, nor were they were substituted as parties. Not to allow them to intervene would deprive them of any share of the proceeds or would force them to attempt to assert their rights against the other limited partners who were named parties. Therefore, we conclude that the trial court erred by not allowing Landers and Davis to intervene and by not vacating the summary judgment.
On remand, the trial court is to vacate the summary judgment, to allow Landers and Davis to intervene, and to reapportion the assets. We pretermit discussion of Ford’s argument that the trial court erred in its apportioning of the assets.
REVERSED AND REMANDED WITH INSTRUCTIONS
THOMPSON, J., concurs.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur specially.