This is a consolidation of a petition for writ of mandamus and an appeal of an estate accounting case, dealing with the appropriateness of post-judgment intervention under Rule 24, A.R.Civ.P., and the intervenors' subsequent relief from judgment under Rule 60(b), A.R.Civ.P. Geraldine Lesnick, former guardian of George Lesnick, appeals from the amended judgment of final settlement and the denial of her motion for new trial in the Probate Court of Jefferson County. Because of our resolution of the merits of this case on appeal, it is not necessary for us to address the petition for writ of mandamus.[1] We affirm the judgment on appeal and dismiss the petition for writ of mandamus.
George and Geraldine Lesnick were married in 1978. During their marriage, they acquired various assets, some individually, some jointly, and some jointly with right of survivorship. In 1981, Mr. Lesnick executed a will leaving two-thirds of his estate to his four adult sons by a previous marriage ("Mr. Lesnick's sons," the appellees) and one-third to Ms. Lesnick. In 1985, Mr. Lesnick was declared non composmentis, and Ms. Lesnick was appointed his guardian. From that time, until Mr. Lesnick's death in September 1987, Ms. Lesnick commingled the various assets, transforming many of them into her own assets.
After Mr. Lesnick's death, Ms. Lesnick petitioned the Probate Court of Jefferson County for a final settlement of the guardianship, and the court appointed an administrator ad litem of Mr. Lesnick's estate. The court examined and audited Ms. Lesnick's accounting and issued a "Decree of Final Settlement" approving the accounting, on June 20, 1988. In that judgment, the probate court discharged Ms. Lesnick of her duties as guardian and stated that "due notice of the time and nature of said settlement has been given in strict accordance with law."
Seventy days after that judgment was issued, Mr. Lesnick's sons petitioned the court to intervene, alleging that they had had no knowledge of the guardian/ward relationship between Ms. Lesnick and their father and that they had not learned of the settlement proceedings until after the June 20, 1988, judgment. Mr. Lesnick's sons challenged Ms. Lesnick's accounting, alleging that she had converted assets of her ward's estate.
The probate court granted Mr. Lesnick's sons' petition to intervene, reopened Mr. Lesnick's guardianship estate, and ordered a modification of the accounting. Afterwards, on January 24, 1990, the court issued its amended judgment on final settlement, which substantially increased Mr. Lesnick's estate, thereby increasing the sons' potential inheritance under Mr. Lesnick's will. Ms. Lesnick appeals from that ruling and from the April 4, 1990, denial of her motion for new trial.
Ms. Lesnick first argues that the probate court erred in allowing Mr. Lesnick's sons to intervene 70 days after the entry of final judgment. She bases that argumentsolely on the fact that "the Motion which [Mr. Lesnick's sons] filed was not timely because there was no case pending at the time of [the sons'] Motion." *Page 858 
Rule 24, A.R.Civ.P., provides, in pertinent part, as follows:
 "(a) Intervention of Right. Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."[2]
(Emphasis added.) Timeliness is the first condition that must be satisfied in order to intervene. NAACP v. New York,413 U.S. 345, 365, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). But, because the rule itself is silent as to what constitutes a "timely application," the determination of timeliness has historically been a matter committed to the sound discretion of the trial court, Randolph County v. Thompson, 502 So.2d 357,364 (Ala. 1987), and the trial court's ruling on timeliness will not be disturbed on review unless the court abused its discretion. United States v. Jefferson County, 720 F.2d 1511
(11th Cir. 1983); United States v. Allegheny-Ludlum Indus.,Inc., 553 F.2d 451, 453 (5th Cir. 1977), cert. denied,435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978). If the rights of the existing parties to the litigation would not be prejudiced, and if the intervention would not substantially interfere with the court's orderly processes, "the mere fact that judgment has already been entered should not by itself require the denial of an application for intervention." Randolph County v.Thompson, supra, at 365.
In order to rule on the propriety of Mr. Lesnick's sons' post-judgment intervention, however, we must view it in light of the remedy they sought under Rule 60(b), A.R.Civ.P.; that rule reads in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . [or,] (3) fraud . . ., misrepresentation or other misconduct of an adverse party. . . . The motion shall be made within a reasonable time, and for reasons (1) . . . and (3) not more than four months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation."
(Emphasis added.)
It is clear that Mr. Lesnick's sons' motion for relief from judgment based on Ms. Lesnick's conversion of assets of her ward's estate is a motion for relief from a judgment that was entered because of alleged mistake, inadvertence, surprise, excusable neglect, or fraud, misrepresentation, or other misconduct of Ms. Lesnick and thus falls within the four-month requirement of Rule 60(b). Whether Mr. Lesnick's sons could be considered parties so as to qualify to file such a motion depends upon whether they had any relief available to warrant allowing them to intervene. In other words, did they file their motion to intervene within the four months required by Rule 60(b) to avail themselves of its relief? Yes. The decision to grant or withhold relief under Rule 60(b) is discretionary with the trial court and will not be reversed except for an abuse of that discretion. Reese v. Robinson, 523 So.2d 398 (Ala. 1988). See Hill v. Hill, 523 So.2d 425, 428 (Ala.Civ.App. 1987); andRobinson v. Robinson, 490 So.2d 917, 918 (Ala.Civ.App. 1986). Accordingly, because Mr. Lesnick's sons petitioned to intervene to seek Rule 60(b) relief within the requisite four-month period, we cannot hold that the probate court abused its discretion in permitting this intervention.
Next, Ms. Lesnick argues that the probate court erred in the estate accounting *Page 859 
by including property jointly owned by Mr. Lesnick and Ms. Lesnick during Mr. Lesnick's lifetime. She asserts that her commingling of Mr. Lesnick's assets, her assets, and joint assets should not cause the court to include the joint assets in Mr. Lesnick's estate.
In its order denying Ms. Lesnick's motion for new trial, the probate court noted the following:
 "[O]n June 20, 1988, based on the final settlement filed by the Guardian, this Court determined the assets of this estate were zero. . . . [O]n January 24, 1990, as a result of much litigation and legal work by the attorneys for the children of George Lesnick, the Court determined the assets of this estate to be in excess of $170,000."
". . . .
 "The Court is aware that certain funds were owned solely and some jointly by Geraldine Lesnick at a certain point in time, but with the passing of time and the mixing and commingling of funds by Mrs. Lesnick, she, by her own actions breached her fiduciary duty and made it impossible to know for sure whose funds were used for what purposes."
In Howard v. Imes, 265 Ala. 298, 300-01, 90 So.2d 818, 819-20
(1956), we noted:
 "[A] guardian cannot exercise a purely personal elective right of his ward. . . .
 " 'The guardian . . . of a mental incompetent does not become his alter ego, and is not empowered by virtue of his office to act for the incompetent in matters involving the exercise of a personal discretion so as to change an act performed by the incompetent while mentally normal. . . .'
 "In applying the rule it has been specifically held that the guardian of a non compos mentis cannot withdraw all the funds in a joint account except for the ward's necessities, since such complete withdrawal would be the exercise of a personal right of the ward."
(Citations omitted.)
Ms. Lesnick admits that she commingled her property with that of her ward, Mr. Lesnick, but she argues that "there was still a complete tracing of all assets" and, thus, that she should not be punished for the commingling.
 "It is the duty of a guardian to keep his ward's money, property, and investments separate from his own, and, as a general rule, . . . a guardian is liable for the loss of funds of the ward which, in any way, are mingled with his own. Thus, a guardian is liable for the loss of funds of his ward where they were so mingled in a deposit with his own funds that it was impossible to distinguish them, or where the particular fund involved was deposited with other trust funds in such a way that it had no earmark to indicate that it belonged to the ward. If the account is in the guardian's name, but other moneys are deposited therein and mingled with those of the ward any balance will be presumed to belong to the ward; and any other claimant, including the guardian[,] must clearly identify any part of the account in order to claim it."
39 Am.Jur.2d Guardian and Ward § 96 (1968). We adopt this statement as the law of this State. See, also, Jolly v.Richardson, 230 Ala. 548, 161 So. 814 (1935).
The probate court found that Ms. Lesnick "made it impossible to know for sure whose funds were used for what purposes." Ms. Lesnick would have us hold that such commingling does not defeat the legal principle of joint tenancy. The joint tenancy principle of law does not defeat the guardian's obligations to act in her fiduciary capacity as custodian of the ward's estate. See Annot., Guardian's Position as Joint Tenant of orSuccessor to Property in Ward's Estate as Raising Conflict ofInterest, 69 A.L.R.3d 1198 (1976).
 "The law looks on a guardian as a trustee, and, as such, he cannot be allowed by law to have any inducement to neglect his ward's interests. As a general rule, any profit or advantage which arises from the guardian's management of the ward's estate accrues to the ward, and not to the guardian. The confidential relation immediately arises between *Page 860 
a person appointed guardian and his ward, for the benefit of the ward . . . ."
39 Am.Jur.2d Guardian Ward § 208 (1968).
We will not overturn the probate court's findings of fact unless they are unsupported by the evidence. Kershaw v. KnoxKershaw, Inc., 523 So.2d 351, 356 (Ala. 1988). The presumption of correctness exists when there is conflicting evidence. Id.
Ms. Lesnick has presented us no proof that the probate court's findings were unsupported by the evidence so as to warrant reversal. Accordingly, we cannot hold that the probate court erred in including in the ward's estate all indistinguishably commingled funds.
Ms. Lesnick further argues that the probate court's settlement order was inconsistent in that it treated some jointly held assets differently from the way it treated others. We find no merit to this contention and repeat that "any . . . claimant, including the guardian, must clearly identify any part of the account in order to claim it." We are presented no proof that any interest in certain assets was awarded to Ms. Lesnick contrary to the probate court's satisfaction that clear identification existed as to her right to such an interest.
Finally, Ms. Lesnick argues that it was error for the probate court to award $10,000 as partial attorney fees to counsel for Mr. Lesnick's sons; she contends that the award was arbitrary.
 "In Alabama, in state law causes of action, attorney fees are recoverable as part of the costs of an action only where authorized by statute, when provided in a contract, or by special equity, such as a proceeding where the efforts of an attorney create a fund out of which fees may be paid. Reynolds v. First Alabama Bank of Montgomery, N.A., 471 So.2d 1238 (Ala. 1985); Eagerton v. Williams, 433 So.2d 436 (Ala. 1983); Shelby County Commission v. Smith, 372 So.2d 1092 (Ala. 1979). Lanier v. Moore-Handley, Inc., 575 So.2d 83
(Ala. 1991). Whether to award fees when one or more of these factors exist rests within the discretion of the trial court, subject to our reversal only for an abuse of that discretion. Id. at 85.
In this case, the efforts of counsel for the intervenors increased the value of Mr. Lesnick's guardianship estate from zero to approximately $170,000. Certainly, this amount qualifies as "a fund out of which fees may be paid." Without more than a bare allegation by Ms. Lesnick that the amount of the fee awarded is arbitrary, we will not hold that the award of attorney fees in this case (amounting to approximately six percent of the entire fund created by the efforts of the intervenors' counsel) was arbitrary and an abuse of discretion.
89-1282 AFFIRMED.
89-1622 DISMISSED AS MOOT.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] The probate court granted Ms. Lesnick's motion for a stay of execution of the judgment pending appeal. But, the court did not require Ms. Lesnick to post a supersedeas bond because it found Ms. Lesnick to be "under a Guardian's Bond which appears to be sufficient to satisfy the Court's judgment." The appellees, arguing that the probate court failed to comply with Rule 8, A.R.App.P., petitioned for a writ of mandamus seeking to have the stay lifted. We recognize that Rule 8 provides that an appellant may obtain a stay pending appeal if that appellant posts a bond equal to 125% of the amount of the judgment. Although the guardian's bond under which Ms. Lesnick was bound did not amount to the full 125% of the subsequent judgment, our resolution of the merits of this appeal makes moot the question raised by the petition for writ of mandamus.
[2] The Committee Comments to Rule 24 A.R.Civ.P., note that "this rule is virtually identical with Rule 24, Fed.R.Civ.P." This fact explains our citation to certain federal cases. "The only differences," according to the comments, "are the deletions of matters not relevant to state practice."