YATES, Judge,
concurring specially.
I agree with Judge Crawley that Lan-ders and Davis should be allowed to intervene. Intervention of right, as provided for in Rule 24(a), Ala. R. Civ. P., requires that the intervenor have a “direct, substantial, and legally protectable interest in the proceeding.” Randolph County v. Thompson, 502 So.2d 357, 363 (Ala.1987). As partners in the now bankrupt Bayside Hotel Investors, Ltd., Landers and Davis had a right to some share of the bankruptcy estate.
Rule 24 is silent as to what constitutes timeliness; however, the determination of timeliness has historically been a matter for the trial court, and the trial court’s ruling on that question will not be re *318 versed absent an abuse of discretion. Lesnick v. Lesnick, 577 So.2d 856 (Ala.1991). “If the rights of the existing parties to the litigation would not be prejudiced, and if the intervention would not substantially interfere with the court’s orderly processes, ‘the mere fact that judgment has already been entered should not by itself require the denial of an application for intervention.’ ” Id., at 858, quoting Randolph County, supra, 502 So.2d at 365. Although the trial court had already entered a summary judgment, Landers and Davis had not been notified of the lawsuit, as required, and they moved to intervene within 30 days of the entry of the summary judgment. I see no prejudice to Mills, because little or no discovery has occurred and Landers and Davis filed their motion to intervene within 30 days of the entry of the summary judgment.
Once an intervenor has met the requirements stated above, he should be allowed to intervene, “unless the applicant’s interest is adequately represented by existing parties.” Rule 24(a). Although Mills argues that Ford adequately represented Landers and Davis’s interests, I disagree. Ford was representing himself; he failed on several occasions to comply with court orders; and he failed to raise certain arguments before the trial court.
ROBERTSON, P.J., and MONROE, J., concur.