THOMAS, Judge.
A.C. (“the mother”) and C.B.C. were married in 2004, when the mother was already pregnant with her second child, D.A.C. C.B.C. is the biological father of the mother’s older child, M.C.; however, D.A.C. is not his biological offspring. Pursuant to former Ala.Code 1975, § 26-17-5(a)(1),[1] which was in effect at all times pertinent to this appeal, however, C.B.C. (“the legal father”) is D.A.C.’s presumed father. Former § 26-17-5(a)(l) read, in pertinent part:
“(a) A man is presumed to be the natural father of a child if ...:
“(1) He and the child’s natural mother are or have been married to each other and the child is born during the marriage .... ”
In April 2007, the mother filed for a divorce from the legal father. The trial court awarded the mother and the legal father joint custody, pendente lite, with the parties rotating physical custody of the children on a weekly basis. The case was set for trial on May 1, 2008.
On May 1, 2008, D.C. and S.C. (“the paternal grandparents”) moved to intervene in the divorce action, alleging that *1285 neither the mother nor the legal father were fit to have custody of the children. The trial court permitted the paternal grandparents to intervene, and, after a short trial at which only the legal father and the paternal grandfather testified, the trial court divorced the mother and the legal father and awarded custody of the children to the paternal grandparents in a judgment entered on May 2, 2008. The mother was not present at trial, although her attorney appeared.
On May 5, 2008, R.D.B. (“the biological father”) moved, pursuant to Rule 24(a), Ala. R. Civ. P., to intervene in the divorce action and filed a motion seeking to alter, amend, or vacate the divorce judgment. The biological father, in his verified motion, alleged that he was the biological father of D.A.C. as established by the results of a DNA test; that the mother, the legal father, and the paternal grandparents knew that he was the biological father of D.A.C.; and that, since late October 2007, D.A.C. had been in the physical custody of the biological father and the children’s maternal grandmother because, in recognition of the biological father’s status as D.A.C.’s biological father, the legal father and the paternal grandparents had relinquished physical custody of D.A.C. to the biological father. After a hearing on June 16, 2008, at which the trial court entertained only the arguments of counsel, the trial court denied the biological father’s motion to intervene. In its June 18, 2008, judgment, the trial court stated that it had lost jurisdiction over the case because more than 30 days had elapsed since the entry of the judgment and no party to the case had filed a postjudgment motion to extend the trial court’s jurisdiction past the expiration of the 30-day period. See Pierce v. American Gen. Fin., Inc., 991 So.2d 212, 215 (Ala.2008) (noting that a trial court, in the absence of the filing of a timely postjudgment motion, loses jurisdiction to amend its judgment after 30 days); Henderson v. Koveleski, 717 So.2d 803, 806 (Ala.Civ.App.1998) (noting that “a trial court generally loses jurisdiction to amend its judgment 30 days after the entry of judgment”); see also Rule 4(a)(3), Ala. R.App. P. (“The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure ... shall suspend the running of the time for filing a notice of appeal.”). The biological father filed a postjudgment motion on July 18, 2008, challenging the trial court’s order denying the motion to intervene, which was denied by operation of law on October 16, 2008. See Rule 59.1, Ala. R. Civ. P. The biological father filed his notice of appeal on November 21, 2008.
The paternal grandparents have filed a motion to dismiss the biological father’s appeal. In their motion, they argue that the biological father’s appeal is untimely because, instead of filing an appeal within 42 days of the entry of the June 18, 2008, judgment, the biological father filed a second postjudgment motion directed to the June 18, 2008, judgment, which they contend is a successive post-judgment motion that does not toll the time for taking an appeal. We agree that, generally, a trial court lacks jurisdiction to entertain a successive postjudgment motion requesting the same or similar relief or requesting reconsideration of the trial court’s denial of the original postjudgment motion. See, e.g., Hudson v. Hudson, 963 So.2d 92, 94 (Ala.Civ.App.2007); Ollis v. Ollis, 636 So.2d 458, 459 (Ala.Civ.App.1994); and Gold Kist, Inc. v. Griffin, 659 So.2d 626, 627 (Ala.Civ.App.1994) (“Successive post-judgment motions by the same party, seeking essentially the same relief, are not allowed.”).
However, the paternal grandparents are incorrect in arguing that the successive- *1286 postjudgment-motion principle applies in the present case. The June 18, 2008, judgment denying the biological father’s motion to intervene was not the mere denial of a postjudgment motion directed to the May 2, 2008, divorce and custody judgment. Instead, that judgment was a judgment directed to the substantive question of the biological father’s right to intervene under Rule 24(a). Thus, the biological father was permitted to file a postjudgment motion challenging the denial of his right to intervene, and his appeal, filed within 42 days of the denial of his postjudgment motion by operation of law, is timely. See Alabama Fed. Sav. & Loan Ass’n v. Howard, 534 So.2d 609, 611-12 (Ala.1988) (explaining in the procedural history of the case that Alabama Federal had moved to intervene in an action, that its motion had been denied, that it had filed a post-judgment motion directed to the order denying its motion to intervene, which had been denied by operation of law, after which it had appealed).
Turning now to the merits of the appeal, we will first address the trial court’s erroneous conclusion that it lacked jurisdiction to consider the biological father’s motion to intervene. The fact that a motion to intervene is filed after the entry of a judgment does not automatically prevent its being considered and granted by the trial court. Lesnick v. Lesnick, 577 So.2d 856, 858 (Ala.1991). As our supreme court explained in Lesnick,
“Rule 24, [Ala.] R. Civ. P., provides, in pertinent part, as follows:
“ ‘(a) Intervention of Right. Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.’
“(Emphasis added.) Timeliness is the first condition that must be satisfied in order to intervene. NAACP v. New York, 413 U.S. 345, 365, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). But, because the rule itself is silent as to what constitutes a ‘timely application,’ the determination of timeliness has historically been a matter committed to the sound discretion of the trial court, Randolph County v. Thompson, 502 So.2d 357, 364 (Ala.1987), and the trial court’s ruling on timeliness will not be disturbed on review unless the court abused its discretion. United States v. Jefferson County, 720 F.2d 1511 (11th Cir.1983); United States v. Allegheny-Ludlum Indus., Inc., 553 F.2d 451, 453 (5th Cir.1977), cert. denied, 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978). If the rights of the existing parties to the litigation would not be prejudiced, and if the intervention would not substantially interfere with the court’s orderly processes, ‘the mere fact that judgment has already been entered should not by itself require the denial of an application for intervention.’ Randolph County v. Thompson, supra, at 365.”
Lesnick, 577 So.2d at 858 (footnote omitted) (second emphasis added).
In Lesnick, the sons of the deceased ward of a guardian moved to intervene in the final settlement of the guardianship. Id. at 857. Their motion was made 70 days after the entry of the judgment approving the final settlement and discharging the guardian. Id. Our supreme court reviewed the propriety of the trial court’s grant of the postjudgment motion to inter *1287 vene by first considering whether the sons had presented, under Rule 60(b), Ala. R. Civ. P., a ground to relieve them from the effects of the judgment and whether they had filed that motion within the time permitted by the rule; because the sons had demonstrated a ground for relief from the judgment and had filed their motion within the four-month time limitation of Rule 60(b), the supreme court affirmed the trial court’s grant of the motion to intervene. Id. at 858.
The biological father filed his motion only days after the entry of the judgment awarding custody to the paternal grandparents; accompanying his motion to intervene was a motion to alter, amend, or vacate the judgment. That motion, which would have been a timely motion if the biological father had been made a party, alleged that D.A.C. had been in his custody for a six-month period before the entry of the divorce judgment awarding custody of D.A.C. to the paternal grandparents and that the legal father had indicated, through his counsel and by his actions, that he no longer wished to persist in the presumption of his parentage under former § 26-17-5(a)(l). Because the biological father would no longer be barred from establishing his paternity of D.A.C. if the legal father declined to persist in his presumption of paternity, see W.D.R. v. H.M., 897 So.2d 827, 331 (Ala.Civ.App.2004), the biological father’s motion properly raised an issue as to the propriety of the custody judgment. Thus, we conclude that the trial court erred by determining that it lacked jurisdiction to rule on the biological father’s motion to intervene simply because the 30-day period after the entry of the judgment had expired without any party to the action having filed a post-judgment motion to continue the trial court’s jurisdiction.
At the hearing on the biological father’s motion, the paternal grandparents also argued that the biological father lacked standing to intervene in the action because the legal father was the presumed father of D.A.C. under former § 26-17-5(a)(1). We have held that a man in the biological father’s position does have a right to intervene in a custody case concerning a child he claims to have fathered because “ ‘the matter of custody of a child to which one seeks to establish paternity is a matter of such interest as to provide intervention of right,’ ” W.D.R., 897 So.2d at 330 (quoting Finkenbinder v. Burton, 452 So.2d 880, 883 (Ala.Civ.App.1984), superseded by statute as noted in Foster v. Whitley, 564 So.2d 990, 991 (Ala.Civ.App.1990)). However, although such a man has a right to intervene, as noted above, the pivotal issue of the biological father’s standing to actually prove his paternity of D.A.C. turns on whether the legal father persists in his presumption of paternity. W.D.R., 897 So.2d at 331. In W.D.R, we were presented with the question of what happens after a man in the same position as the biological father in the present ease is permitted to intervene. Id. at 330-31. We held, based on a similar holding in J.O.J. v. R.R., 895 So.2d 336, 340 (Ala.Civ.App.2004), that “a man seeking to establish paternity of a child born during the mother’s marriage to another man must be given the opportunity to establish standing in an evidentiary hearing where he and others may present evidence bearing on whether the presumed father ... persisted in his presumption of paternity.” W.D.R., 897 So.2d at 331.
The allegations in the biological father’s verified motion to intervene call into question whether the legal father persists in his presumption of paternity. As explained above, the trial court erred in declining to consider the biological father’s motion to intervene based on its erroneous conclu *1288 sion that it lacked jurisdiction to do so. The trial court, in considering the biological father’s motion to intervene and his motion to alter, amend, or vacate the divorce and custody judgment, should permit the biological father and others to present evidence regarding whether the legal father persists in his presumption of paternity.
MOTION TO DISMISS DENIED; REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Former § 26-17-5 was repealed effective January 1, 2009. See Act No. 2008-376, § 1, Ala. Acts 2008.