MOORE, Judge.
B.B. appeals from a February 28, 2011, judgment of the Jefferson Juvenile Court (“the juvenile court”) that set aside a prior judgment of that court adjudicating B.B. *195 as the father of L.S.W. (“the child”) and dismissed a dependency action filed by B.B. regarding the child.[1]
The following facts are undisputed. The child was born on August 30, 2006, to M.W. (“the mother”), who was, at that time, married to M.N. On February 19, 2007, B.B. filed a paternity action in the juvenile court to have himself declared the father of the child. Although B.B. served the mother with the complaint in the paternity action, he did not serve M.N. and M.N. did not otherwise receive notice of, or appear in, the paternity action. In the paternity action, the juvenile court ordered “DNA” testing, which revealed the probability of B.B.’s paternity of the child to be 99.99%. On June 26, 2007, the juvenile court entered a judgment establishing B.B. as the child’s legal father, ordering B.B. to pay $538 per month in child support, placing legal and physical custody of the child with the mother, and awarding B.B. visitation with the child. Following the entry of the judgment in the paternity action, the mother remained married to M.N. and they resided together with the child until the mother’s death on July 6, 2008. On July 10, 2008, M.N. filed a motion to set aside the judgment in the paternity action. B.B. responded by, among other things, filing a dependency petition with the juvenile court on July 11, 2008.
The juvenile court consolidated for trial M.N.’s motion to set aside the judgment in the paternity action and B.B.’s dependency petition. The trial consisted of two ore tenus hearings conducted on February 26 and March 4, 2010. In its final judgment, the juvenile court concluded that the judgment in the paternity action was due to be set aside because B.B. lacked standing to contest the paternity of the child; the juvenile court further found that the child was not dependent and dismissed the dependency action filed by B.B.
On appeal, B.B. contends that the juvenile court erred in finding that he lacked standing to prosecute the paternity action and in failing to find the child dependent.
As to the first contention, B.B. acknowledges that, under Alabama’s former Uniform Parentage Act, Ala.Code 1975, former § 26-17-1 et seq., M.N. was the presumed natural father of the child because the child was born during his marriage to the mother.[2] See Ala.Code 1975, former § 26-17-5(a)(1). B.B. further acknowledges that so long as M.N. persisted in the presumption that he is the natural father of the child, B.B. lacked standing to bring a paternity action to have himself declared the biological father of the child. See Ex parte Presse, 554 So.2d 406 (Ala.1989). B.B. maintains, however, that M.N. failed to persist in his presumed paternity, thus conferring standing on B.B. to bring and maintain his paternity action.
In J.O.J. v. R.R., 895 So.2d 336, 340 (Ala.Civ.App.2004), of this court held that a juvenile court must conduct an evidentia-ry hearing to resolve any question as to whether a presumed father persists in his presumption of paternity. See also W.D.R. v. H.M., 897 So.2d 327 (Ala.Civ. *196 App.2004); and R.D.B. v. A.C., 27 So.3d 1283 (Ala.Civ.App.2009) (accord). In this case, the juvenile court conducted a hearing over the course of two days, most of which was dedicated to resolving the question whether M.N. persisted in the presumption that he was the natural father of the child. B.B. elicited a great deal of evidence regarding his and M.N.’s interactions with the child and with each other following the entry of the June 26, 2007, paternity judgment. However, standing concerns the power to bring and maintain a valid legal action. See Doremus v. Business Council of Alabama Workers’ Comp. Self-Insurers Fund, 686 So.2d 252, 253 (Ala.1996). Standing must be determined as of the time of the filing of an action asserting a legal right. See Town of Elmore v. Town of Coosada, 957 So.2d 1096, 1102 (Ala.2006). Thus, the proper question for the juvenile court to resolve was whether M.N. persisted in the presumption of paternity when B.B. filed and maintained his paternity action in 2007. A thorough review of the record convinces us that B.B. presented no evidence indicating that M.N. failed to persist in the presumption of paternity during that essential period. Thus, the juvenile court did not err in finding that B.B. lacked standing to bring the 2007 paternity action and in setting the paternity judgment aside on that ground. See generally Cadle Co. v. Shabani, 950 So.2d 277, 279 (Ala.2006) (holding that judgment is void and due to be vacated if plaintiff lacked standing to invoke jurisdiction of trial court).
As to his second contention, B.B. argues that the child was dependent because the mother of the child had died, leaving the child with “two legal fathers” who disputed the custody of the child. See Ala.Code 1975, former § 12-15-1(10)c. & n.[3] (defining “dependent child” to include a child whose custody was the subject of controversy and who was in need of care and protection). Assuming, without deciding, that the child could be found dependent under the circumstances described by B.B., we conclude that the juvenile court did not err in finding the child not to be dependent. B.B. claims status as the “legal father” of the child based solely on the 2007 paternity judgment; however, as we have held, that judgment is void and, as such, had no legal effect. See Loyd v. Director, Dep’t of Pub. Safety, 480 So.2d 577, 579 (Ala.Civ.App.1985) (“A void judgment is one which, from its inception, is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind the parties or to support a right, of no legal force and effect whatever, and incapable of enforcement in any manner or to any degree.”). When the mother died, she did not leave the child with “two legal fathers”; rather, she left the child with one father, M.N. Hence, we reject B.B.’s contention that the child was dependent because of any alleged uncertainty as to her legal paternity.
We conclude that B.B. has failed to show that the juvenile court committed any error. Thus, the judgment of the juvenile court is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. For various reasons, B.B. did not receive notice of the entry of the February 28, 2011, judgment until some time in May 2011. On May 24, 2011, B.B. filed a Rule 60(b)(6), Ala. R. Civ. P., motion to have the February 28, 2011, judgment set aside. The juvenile court essentially granted that motion, but it subsequently reentered the same judgment on June 2, 2011. B.B. appealed on June 16, 2011. Based on those circumstances, this court treats the appeal as being timely.

. The former Alabama Uniform Parentage Act was repealed effective January 1, 2009. Because the paternity action in the present case was filed before that date, we apply the former act.

. Effective January 1, 2009, former § 12 — 15— 1(10), Ala.Code 1975, was amended and renumbered. Because the dependency action in the present case was filed before January 1, 2009, we apply the former act.