DONALDSON, Judge.
At issue in the cases giving rise to these appeals is a dispute over a purported attorney’s lien among Henry L. Penick, an attorney licensed to practice law in Alabama; Lynn Roberts (“Mr. Roberts”), Penick’s former client; and the Birmingham Airport Authority (“the BAA”) concerning $36,915.10 (“the funds”) previously held by the Jefferson Circuit Clerk (“the circuit clerk”). Penick appeals from an *1226 order of the Civil Division of the Jefferson Circuit Court (“the circuit court”) denying his motion to intervene in case no. CV-13-902962 (“the civil case”). Penick also appeals from an order of the Domestic Relations Division of the Jefferson Circuit Court (“the divorce court”) in case no. DR-10-566 (“the divorce case”) declining to exercise jurisdiction over Penick’s efforts to claim the funds. For the reasons explained below, we dismiss Penick’s appeal from the civil case, and we affirm the order of the divorce court in the divorce case.

Facts and Procedural History

Mr. Roberts owned a home in Jefferson County that he and his wife, Cheryl Roberts (“Mrs. Roberts”) used as their marital residence. On May 1, 2009, Mr. Roberts filed a petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama (“the bankruptcy court”). On March 10, 2010, the Robertses sold the marital residence to the City of Birmingham for $165,000. The mortgage on the marital residence was paid in full, and the remaining sum of $65,000 from the proceeds of the sale was paid to the bankruptcy trustee to be applied to Mr. Roberts’s bankruptcy estate. On April 10, 2010, Mrs. Roberts filed a complaint for a divorce against Mr. Roberts in the divorce court. Mrs. Roberts was represented in the divorce case by Charity M. Davis. On May 7, 2010, Mr. Roberts, through Penick, filed an answer and a counterclaim for a divorce. On April 27, 2010, the divorce court entered a temporary restraining order restraining Mr. Roberts from transferring property “belonging to the parties whether jointly or separately.”
On July 25, 2011, the bankruptcy court entered an order directing the bankruptcy trustee to pay the remaining funds from the sale of the[1] marital residence from the bankruptcy estate to the circuit clerk, stating, in part, as follows:
“Based on arguments of counsel and the pleadings, the Trustee is directed to remit $36,915.10 from his escrow account to the [circuit clerk], until the [divorce court] orders otherwise in case number DR2010-000566[ ] (Cheryl Roberts v. Lynn Roberts).
[[Image here]]
“It is further Ordered, the automatic stay provided under Section 362 of the Bankruptcy Code is terminated in all aspects to allow the parties to proceed with the litigation • pending before the [divorce] court without any interference from the bankruptcy court.”
Pursuant to the' order of the bankruptcy court, the bankruptcy trustee paid' the funds to the circuit clerk on August 11, 2011.
On February 28, 2013, Mrs. Roberts died. At the time of her death, the divorce court had not entered a final judgment of divorce.[1] On March 7, 20l3, Mr.' Roberts filed a motion to dismiss the divorce case and requested an order from the divorce court directing the circuit clerk to pay the funds being held in the divorce case to him. On March 8, 2013,- Davis filed a motion in opposition to Mr. Roberts’s motion to dismiss, arguing primarily that Mr. Roberts was not entitled to the funds and that Mrs. Roberts’s heirs had an equitable interest in the funds. Davis stated in the *1227 motion that she was seeking the requested relief on behalf of the surviving heirs of Mrs. Roberts.
The surviving heirs of Mrs. Roberts petitioned to establish a probate estate for Mrs. Roberts in the Jefferson County Probate Court (“the probate court”). The proceedings initiated in the probate court by the surviving heirs of Mrs. Roberts are hereinafter referred to as “the probate case.” On April 27, 2018, Davis, purportedly on behalf of her deceased client, filed a motion requesting that the divorce court enter an order directing the circuit clerk to transfer the funds from the divorce court to the probate court, where the funds could be administered as part of the probate case. On May 1, 2013, the divorce court entered an order dismissing the divorce case.without prejudice and entered another order granting the motion to transfer the funds to the probate court.
On May 9, 2013, Mr. Roberts filed a motion to alter, amend, or vacate the divorce court’s May 1, 2013, order to transfer the funds. Mr. Roberts argued that the divorce court did not have jurisdiction to enter an order transferring the funds to the probate court because the divorce case had abated upon Mrs. Roberts’s death. He further argued that the “surviving heirs” of Mrs. Roberts did not have “standing” to file a pleading in the divorce case.
On June 25, 2013, the divorce court granted Mr. Roberts’s motion to alter, amend, or vacate the order transferring the funds. Mr. Roberts then filed a motion to condemn the funds, which the divorce court denied. The funds remained on deposit with the circuit, clerk in the divorce case.
Latonya Adams, as personal representative of the estate of Mrs. Roberts, who was also represented by Davis,- then filed a complaint for a declaratory judgment and injunctive relief against Mr. Roberts in the circuit court, thereby commencing the civil case. In the complaint, Adams requested that the circuit court enter an order awarding the funds held by the circuit clerk in the divorce case to Mrs. Roberts’s estate, to transfer those funds to the probate court, to enter a restraining order to prevent Mr. Roberts from receiving the funds, and to enjoin the circuit clerk from releasing the funds to Mr. Roberts. Mr. Roberts, represented by Penick, filed a motion in the circuit court to dismiss the civil case, arguing, in part, that the circuit court lacked subject-matter jurisdiction over the funds because the funds were being held in the divorce case and, accordingly, that the divorce court had jurisdiction over the funds. Nevertheless, Mr. Roberts filed a motion requesting that the circuit court enter an order disbursing the funds to him.
On April 10, 2014, the circuit court entered an order setting a hearing on June 26, 2014, on all pending motions in the civil ease. Also on April 10, 2014, Davis filed a motion to withdraw from representing Adams in the civil case. Penick filed a motion to withdraw from representing Mr. Roberts in the civil case on April 15, 2014. The circuit court granted , both motions to withdraw on April 24, 2014.
On April 24, 2014, the BAA filed a motion to' intervene in the civil ease, pursuant to Rule 24(a), Ala. R. Civ. P., along with a complaint in intervention. The BAA contended that it- “claim[ed] an interest relating to [the funds] which [are] the subject of the instant case [and. that] is so situated that the disposition of the action may as a practical matter impair or impede, the [BAA’s] ability to protect its interest.” The BAA alleged that it had obtained a judgment in the amount of $10,000, plus $457.04 in court costs, against Mr. Roberts in case no. CV-13-902224,. which ■ had *1228 been commenced in the Jefferson Circuit Court. The BAA. further alleged that it had filed a petition for a writ of execution with the circuit clerk on April 10, 2014, requesting the remittance of $10,000, plus court costs, in the event the funds were disbursed to Mr. Roberts in the divorce case or the civil case. On April 29, 2014, the circuit court granted BAA’s motion to intervene.
On April 30, 2014, Penick filed a document in the civil case purporting to establish an attorney’s hen in the amount of $30,095. The case-action summary in the civil case shows that Penick electronically filed the purported attorney’s lien as an “offer of judgment.” In the certificate of service for the purported attorney’s lien, Penick indicated that he had served the hen on Mr. Roberts “by electronic filing.” Penick did not aver in the certificate of service that he had mailed notice of the attorney’s lien to Mr. Roberts. On May 2, 2014, Davis filed an attorney’s hen in the amount of $22,000 in the civil case for services she had provided to Mrs. Roberts in the divorce case. At the time they filed their purported attorney’s hens, both Pen-ick and Davis had been permitted to withdraw from representing any party in the civil case. Neither Penick nor Davis filed a motion to intervene in the civil case pursuant to Rule 24, Ala. R. Civ. P. Thus, neither Davis nor Penick were made parties .to the civil case.
On May 2, 2014, new counsel for Mr. Roberts appeared in the civil case. On the same day, Mr. Roberts, through his new counsel, filed a motion for a summary judgment in the civil case, arguing that the divorce case had abated upon Mrs. Roberts’s death and that, therefore, the divorce court no longer' had jurisdiction to enter an order disbursing the funds. Mr. Roberts also argued that he was entitled to all the funds. The certificate of service indicates that Mr. Roberts served Davis, counsel for the BAA, and Adams, but not Penick, with the summary-judgment motion.
The circuit court held a hearing on Mr. Roberts’s summary-judgment motion on May 29, 2014. No transcript of that hearing has been provided to this court. On June 5, 2014, the circuit court entered an order granting the summary-judgment motion stating, in part, that ■
“[t]he subject matter at issue here is an Order retaining funds in the [divorce case] which were deemed subject to division in the Roberts divorce action by the [divorce court]. The Interlocutory Order became void upon the February 2[8], 2013, death of Cheryl Roberts, the Plaintiff in the divorce case.
“The Supreme Court ... confirmed in Thomas [v. Thomas, 54 So.3d 356 (Ala.2010) ] that Alabama law is well settled, ‘[a] marriage is dissolved by a death of a party to the marriage, and a pending action for dissolution by divorce is necessarily terminated and absolutely abated.’ Jones v. Jones, 517 So.2d 606, 608 (Ala.1987) (citing Cox v. Dodd, 242 Ala. 37, 4 So.2d 736 (1941), and Killough v. Killough, 373 So.2d 336 [ (Ala.Civ.App.1979) ]).
“Consistent with and as quoted in the Conclusion of the Thomas Opinion, this Court holds that ‘the interlocutory order of the [divorce] Court is void for lack of subject matter jurisdiction and is due to be vacated.’
“This Court does hereby grant [Mr. Roberts’s] motion for summary judgment, vacates the Order of the [divorce court in the divorce case], and awards [Mr. Roberts] the funds held by the Clerk of the Circuit Court.
“Further, [Mr. Roberts] and the [BAA], said party having filed a Motion to Intervene in this cause and this Court *1229 having granted said Motion, have informed the Court of a Consent Agreement whereby [Mr. Roberts] authorizes the Clerk of the Circuit Court of Jefferson County holding the funds made subject of this Order to pay [the BAA’s] money judgment entered in Circuit Court Case No. CV 2013-902224, in full satisfaction of said judgment. The Clerk is hereby directed to pay the sum of $10,457.04 in a check made payable to the [BAA] from the funds ordered above to [Mr. Roberts]. The Clerk is hereby then directed to pay the balance of the remaining funds being held subject to the original interlocutory order in a check made payable to [Mr.] Roberts.”
On June 18, 2014, the circuit court amended the June 5, 2014, judgment by adding the following provision: “In the event that the Clerks of the two Divisions of this Court deem it necessary to first make a transfer from the Domestic Relations Division to the Circuit Civil Division prior to making the directed payments pursuant to this Order, that transfer is hereby authorized as well.”
The circuit court also set the civil case for a hearing on August 26, 2014, but there is no indication for what purpose the hearing was scheduled and there is no transcript of this hearing in the record. On August 26, 2014, however, the circuit court entered an order on Penick’s attorney’s lien, stating that “[t]he Court finds that the Attorneys Lien filed by Henry L. Pen-ick did not attach to the funds previously disposed of pursuant to prior order of this Court. This action is hereby DISMISSED. Costs taxed as paid.” The case-action summary indicates that the civil case was marked as disposed upon entry of this order.
On September 2, 2014, Penick filed in the civil ease a motion styled as a “Motion to Intervene and Motion to Alter, Amend, or Vacate.” In the motion, Penick argued that, pursuant to § 34-3-61(b), Ala.Code 1975, his purported attorney’s lien was “superior” to Mr. Roberts’s or BAA’s claims to the funds; that he was not served with Mr. Roberts’s summary-judgment motion; that the circuit court had failed to join him as an indispensable party pursuant to Rule 19, Ala. R. Civ. P.; and that, citing Rule 60(b)(3), Ala. R. Civ. P., Mr. Roberts committed fraud by consenting to the settlement with the BAA without notifying Adams and Penick. On October 29, 2014, the circuit court entered an order stating: “This Court’s Orders of June 5, 2014 and August 26, 2014 are hereby SET ASIDE and this case is hereby REINSTATED. This matter is set for hearing December 10, 2014 at 9:30 a.m. on the issue of the Attorney’s Liens of Henry Penick and Charity Gilchrist-Davis.”
On December 8, 2014, the BAA filed an objection to Penick’s motion to intervene and a motion requesting that the circuit court reconsider its October 29, 2014, order. The BAA argued that Penick’s attorney’s lien was fatally flawed because he had failed to' provide proper notice of the lien to Mr. Roberts, that Penick lacked “standing” to intervene in the civil case, that Mr. Roberts was not required to provide notice of his summary-judgment motion to Penick because Penick was a non-party in the civil case, and that Penick’s motion to intervene was untimely filed. On December 10, 2014, Penick filed an amended motion to intervene and to condemn the funds in which he alleged that the circuit court lacked subject-matter jurisdiction to enter an order directing the circuit clerk to transfer the funds from the divorce case and that Adams had lacked “standing” to file the complaint commencing, the civil case.
On December 10, 2014, the circuit court entered an order in the civil case, stating:
*1230 “By Order dated October 29, 2014, the •Court set aside its previous Orders of June 5, 2014, corrected by Order of June 18, 2014, which entered Summary Judgment in this case, and of August 26, 2014, which held that the attorneys hen filed by Attorney Henry L. Penick did not attach and dismissing this case. The purpose of that October 29 Order was to allow Attorney Penick an opportunity to be fully heard on his claim for an attorneys lien to the funds which were at issue in this case.
“The Court notes that the funds at issue have been fully disbursed and that due to the absence of a code in the electronic filing system specifically for attorneys liens, Mr. Penick’s hen appears as an ‘Offer of Judgment’ in the Case Action Summary. No motion to intervene or other motion relating to the hen was filed prior to the entry of judgment. The hen was filed after Mr. Pen-ick’s motion to withdraw as counsel was granted.
“After considering the matters on file in this action and the arguments of counsel at the conference this date, the Court finds that its actions in granting summary judgment and holding that the attorneys lien did not attach were correct. Therefore, the Orders of June 5, 2014, June 18, 2014, and August 26, 2014,. are hereby REINSTATED. This action is DISMISSED with prejudice. Costs taxed as paid.”
On January 8, 2015, Penick filed a motion to alter, amend, or vacate the circuit court’s December 10, 2014, order, pursuant to Rule' 59, Ala. R. Civ. P. The circuit court denied that motion on January 12, 2015. On February 24, 2015, Penick filed a notice of appeal to this court from the circuit court’s order of December 10, 2014. That appeal was assigned case no. 2140467.
Meanwhile, Penick filed an attorney’s hen in the divorce case on September 16, 2014, pursuant to § 34-3-61 (b), asserting that he had incurred fees and expenses in the amount of $30,095 for his services as counsel to Mr. Roberts in the divorce case. On September 29, 2014, Penick filed a motion in the divorce case to withdraw as Mr. Roberts’s counsel. On the same day, Penick filed a motion to intervene in the divorce case, along with a motion to condemn the funds. Davis also filed an attorney’s hen in the divorce case for the legal services she had provided to Mrs. Roberts.
The divorce court held two hearings on the pending motions. On January 29, 2015, the divorce court entered an order granting Penick’s motion to withdraw, granting Penick’s motion to intervene, and granting Penick’s motion to condemn the funds. The divorce court also directed the circuit clerk to
“transfer back to this case all funds transferred out of this case, with accrued interest, as this Court has not relinquished ' jurisdiction over the funds.... Said funds, once transferred, shall be subject to the Attorney’s Fee Liens, filed by Henry L. Penick, former attorney for [Mr. Roberts], and Charity Davis, former attorney for [Mrs. Roberts], in accordance with Ala.Code (1975), § 34-3-61, said hens shall be paid prior to any other disbursements, other than court costs, which are taxed as paid.”
On February 5, 2015, the circuit clerk filed a “response” in the divorce case to the divorce court’s January 29, 2015, order. The circuit clerk stated, among other things, that the funds had been transferred to the civil case pursuant to the circuit court’s order of June 5, 2014, and that the funds had been disbursed to the BAA and to Mr. Roberts pursuant to the same order. ■
*1231 On March 9, 2015, the divorce court entered an order stating:
“THIS CAUSE, coming before the Court and upon review of this action, the Court is of the opinion that the following Order is due to be entered. It is therefore; - ORDERED, ADJUDGED AND DECREED, by the court: . ■ ■
“1. Upon review of all civil actions filed by [Mr. Roberts, Mrs. Roberts, and Mrs. Roberts’s] estate, the Court concurs that it has no Subject Matter Jurisdiction.
“2. That the Order of January 29, 2015 is hereby set aside and held for naught.” Penick filed a notice of appeal from the divorce court’s March 9, 2015, order on April 20, 2015, and the appeal was assigned case no. 214Ó581. We have jurisdiction of both appeals pursuant to § 12-3-10, Ala.Code 1975. Because these appeals involve separate proceedings with many common facts, this court has consolidated Penick’s appeals for the purpose of issuing one opinion. .See Rule 3(b), Ala. R.App. P.

Discussion

I. The Civil Case (Appeal No. 2110467)
Penick contends that his attorney’s lien properly attached to the funds and that the circuit court improperly disbursed the funds to Mr. Roberts and the BAA, that the circuit court lacked subject-matter jurisdiction to enter an order directing the circuit clerk to transfer funds from the divorce case to the civil case, and that the circuit court erroneously determined that Penick was not entitled to intervene in the case. Mr. Roberts and the BAA contend that Penick failed to follow the procedures for perfecting his attorney’s lien under § 34-3-61 because he failed to properly serve Mr. Roberts with notice of the lien and because he failed to seek timely intervention in the civil case.
Penick filed an attorney’s lien in the civil case pursuant to § 34-3-61, which provides, in pertinent part, as follows:
“(b) Upon actions and judgments for money, [attorneys] shall' have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy the action or judgment, until the lien or claim of the attorney for his or her fees is fully satisfied; and attorneys-at-law shall have the same right and power over action or judgment to enforce their liens as their clients had or may have for the amount due thereon to them.

"....

“(d) The lien in the event of an action, provided in subsections (b) and (c) of this section, shall not attach until the service upon the defendant or respondent of summons, writ or other process. However, when any claim is settled between the parties after the filing of an action but before the defendant has actual notice of the filing of the action by service of summons or otherwise, such settlement shall operate as a full discharge of the claim.”
“The purpose of § 34-3-61 is ‘to protect the attorney from loss of his investment in time, effort, and learning, and the loss of funds used in serving the interest of the client.’ ” Harlow v. Sloss Indus. Corp., 813 So.2d 879, 887 (Ala.Civ.App.2001) (quoting Triplett v. Elliott, 590 So.2d 908, 910 (Ala.1991)).
As a threshold matter, we must examine Mr. Roberts and the BAA’s argument that this court does not have jurisdiction over Penick’s appeal from the civil case because, they contend, Penick failed to file a timely notice of appeal. “The timely filing of the notice of appeal is a jurisdictional act.” Thompson v. Keith, 365 So.2d 971, 972 (Ala.1978). “Lack of *1232 subject matter jurisdiction may not be waived by the parties- and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.” Ex parte Smith, 438 So.2d 766, 768 (Ala.1983) (citing City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606 (1958), and Payne v. Department of Indus., Relations, 423 So.2d 231 (Ala.Civ.App.1982)).
Rule 4(a)(1), Ala. R.App. P., provides, in pertinent part, that,
“in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R. Civ. P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from, or within the time allowed by an extension pursuant to Rule 77(d), Alabama Rules of Civil Procedure.”.
Pursuant to Rule 4(a)(3), Ala. R.App. P., the time for filing a notice of appeal is suspended upon the filing of a post-judgment motion pursuant to Rule 59, Ala. R. Civ. P. We, therefore, must determine whether the circuit court has entered a final and appealable judgment and, if so, whether Penick has timely appealed from that judgment.
The circuit court entered a summary judgment in favor of Mr. Roberts on June 5, 2014. The circuit court amended the summary judgment on June 18, 2014, to authorize the circuit clerk to transfer the funds, but the amendment did not affect the finality of the June 5 order. Furthermore, the circuit court’s order of August 26, 2014, declaring that Penick’s attorney’s lien did not attach to the funds, did not affect the finality of the June 5, 2014, order but, instead, served as further clarification of the June 5 order. The June 5, 2014, order, therefore, disposed of all claims presented by all parties in the civil case and was therefore a final judgment between the parties. No post-judgment motion to alter, amend, or vacate the summary judgment was filed within 30 days after the entry of the judgment. The circuit court, therefore, no longer had jurisdiction over the civil case after the expiration of 30 days from the date of the entry of the judgment.
On September 2, 2014, however, Penick filed a document that he styled as “Motion to Intervene and Motion to Alter, Amend, or Vacate” in the civil case. An examination of that motion leads us to construe Penick’s motion as one seeking the right to intervene in the civil case pursuant to Rule 24, Ala. R. Civ. P., for the purpose of filing a motion for relief from judgment pursuant to Rule 60(b)(3), Ala. R. Civ. P., on the basis that the judgment was procured by fraud and Rule 60(b)(4), Ala. R. Civ. P., on the basis that the summary judgment was allegedly void because the circuit court lacked jurisdiction. See Campton v. Miller, 19 So.3d 245, 249 (Ala.Civ.App.2009)(“Our caselaw is clear ... that it .is the substance of a motion, not its nomenclature, that is controlling; ‘the relief sought in a motion determines how to treat the motion.’” (quoting Allied Prods. Corp. v. Thomas, 954 So.2d 588, 589 n. 3 (Ala.Civ.App.2006))). Our appellate courts have recognized that the Alabama Rules of Civil Procedure authorize postjudgment intervention, for the purpose of seeking relief from a judgment under Rule 60, if the motion for intervention is timely made. See Randolph Cnty. v. Thompson, 502 So.2d 357, 365 (Ala.1987)(holding that “the mere fact that judgment has already been entered should not by itself require the denial of an application for intervention”). We further conclude that, under our supreme court’s holding in Lesnick v. Lesnick, 577 So.2d 856 (Ala.1991), concerning the timeliness of *1233 postjudgment motions to intervene, Pen-ick’s motion to intervene was timely filed. In Lesnick, ■ the supreme court held that the timeliness of a postjudgment motion to intervene “must [be] view[ed] ... in light of the remedy ... sought under Rule 60(b)....” 677 So.2d at 858. Rule 60(b) provides, in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud ..., misrepresentation or other misconduct of an adverse party; [or] (4) the judgment is void.... The motion shall be made within a reasonable time, and for reasons (1) .., and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation.”
Penick filed his motion to intervene within four months after the entry of the June 5, 2014, order.
We note that the circuit court’s entry of the October 29, 2014, order, in which it purported to set aside its summary judgment and to “reinstate” the case, did not address Penick’s motion to intervene. The October 29, 2014, order was a nullity because the circuit court, without having ruled on Penick’s motion to intervene and his underlying request for Rule 60(b) relief, was without jurisdiction at that time to set aside the judgment. On December 10, 2014, the circuit court entered an order purporting to reinstate the June 6, June 18, and August 26, 2014, orders. In that order, the circuit court found that Penick’s- purported attorney’s lien had not been perfected and, thus, did not attach to the funds. The December 10, 2014, order, therefore,' effectively de-dared that Penick had no right to intervene in the. civil case. That order was final and appealable. “‘[A] denial of a motion to intervene is always an appeal-able order.’ ” Jim Parker Bldg. Co. v. G & S Glass & Supply Co., 69 So.3d 124, 130 (Ala.2011) (quoting Farmers Ins. Exch. v. Raine, 905 So.2d 832, 833 (Ala.Civ.App.2004), citing in turn Kids’ Klub II, Inc. v. State Dep’t of Human Res., 763 So.2d 259, 260 (Ala.Civ.App.2000), and Alabama Fed. Sav. & Loan Ass’n v. Howard, 534 So.2d 609 (Ala.1988)).
This court has also recognized that a denial of a motion to intervene is subject to a motion to alter, amend, or vacate pursuant to Rule 59, Ala. R. Civ. P. See State Dep’t of Human Res. ex rel. McCord v. Smith, 84 So.3d 894, 898 (Ala.Civ.App.2011). Penick filed a motion to alter, amend, or vacate the December 10, 2014, order on January 8, 2015. The circuit court denied that motion on January 12, 2015. Penick had 42 days from January 12, 2015, to file a notice of appeal to this court. The deadline for filing a timely notice of appeal was February 23, 2015. Penick filed his notice of appeal in the circuit court on February 24, 2015, one day after the applicable period ended. Thus, his notice of appeal was untimely. Therefore, this court does not have jurisdiction to consider the appeal from the civil case, and we dismiss Penick’s appeal in case no. 2140467.
Because we dismiss Penick’s appeal in case no. 2140467 on the ground that this court, lacks subject-matter jurisdiction to consider the appeal, we render no decision as to the parties’ contentions concerning whether Penick’s purported attorney’s lien attached to the funds in the civil case.
II. The Divorce Case (Appeal No. 2U0581)
We next address Penick’s appeal from the divorce court’s March 9, 2015, order. *1234 Penick contends that the divorce court erred in concluding that it did not have subject-matter jurisdiction to enter an order directing the circuit clerk to transfer the funds back to the divorce case. Penick contends that the order of the circuit court directing the transfer of the funds from the divorce case to the civil case is void for lack of subject-matter jurisdiction and that, instead, the divorcee court had exclusive jurisdiction to disburse the funds. Penick filed a timely appeal from the divorce court’s March 9, 2015, order; however, the question that Penick raises on appeal from the divorce case derives from the question that was at issue in the civil case — whether the circuit court or the divorce court had subject-matter jurisdiction to disburse the funds. As noted above, the circuit court entered an order On June 5, 2014. That order was a final and appeal-able judgment. Likewise, as discussed above, the circuit court’s order of January 12, 2015, denying Penick’s motion to alter, amend, or vacate the order of December 10, 2014, denying his motion to intervene was also a final and appealable judgment. Penick did not file a timely appeal from either the June 5, 2014, order or the January 8, 2015, order.
In the appeal from the divorce case, Penick is asking this court to reverse the order of the circuit court in the civil case. We have held that a failure to timely appeal from a judgment precludes an appellate court from considering a challenge to that judgment in another appeal. See J.B. v. J.M., 175 So.3d 170, 173 (Ala.Civ.App.2015), and E.D. v. Madison Cnty. Dep’t of Human Res., 68 So.3d 163, 167 (Ala.Civ.App.2010). Because the pertinent orders in the civil case cannot be reviewed, we hold that Penick is precluded from challenging the judgment and orders of the circuit court in the appeal from the divorce case. We cannot reverse the circuit court’s orders of June 5 and 18, 2014; August 26, 2014; December 10, ,2014; and January 8, 2015, when a timely appeal has not been taken from those orders. The issues that Penick raises on appeal in the divorce case “constitute[ ] an unauthorized collateral attack upon those judgments which are each regular upon their face.” Morgan v. Lauderdale Cnty. Dep’t of Pensions _ & Sec., 494 So.2d 649, 651 (Ala.Civ.App.1986) (citing Williams v. First Nat’l Bank of Mobile, 384 So.2d 89, 94 (Ala.1980)). Thus, the March 9, 2015, order of the divorce court is affirmed.

Conclusion

For the foregoing reasons, we dismiss Penick’s appeal from the civil case, and we affirm the divorce court’s order of March 9, 2015, in the divorce case.
2140467 — APPEAL DISMISSED.
2140581 — AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

.. The divorce court purported to enter a final judgment of divorce on September 7, 2012, stating that the matter had been tried on June 12, 2012. Mr. Roberts, however, filed a motion on October 5, 2012, stating that he had not finished presenting evidence and that the trial had been continued. The divorce court set aside the September 7, 2012, order on December 11, 2012. ‘